## CONTINUATION OF AN APPLICATION FOR A SEIZURE WARRANT

I, Marcel Behnen, being duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this continuation of an application under 21 U.S.C. §§ 853(a), 853(f), and 28 U.S.C. § 2461(c) for a warrant to seize the following items: $550 U.S. Currency (hereinafter referred to as **SUBJECT CURRENCY**); multiple rounds of .223cal, .40cal, and .380 ammunition (hereinafter referred to as **SUBJECT AMMO**); loaded Springfield XD-40 .40cal pistol with serial number US377274 (hereinafter referred to as **SUBJECT FIREARM 1**); upper receiver and partial lower receiver of a .223cal AR-style pistol with an obliterated serial number (hereinafter referred to as **SUBJECT FIREARM 2**) (collectively the **SUBJECT PROPERTY**).

2. The **SUBJECT PROPERTY** was seized on September 19, 2022, in Kalamazoo County, Michigan during the execution of a State of Michigan search warrant at 627 West North Street, apartment 3, Kalamazoo, Michigan, and has remained in the lawful possession of the Kalamazoo Department of Public Safety (KDPS), within this judicial district, since the initial date of seizure.

3. I am a Task Force Officer with the United States Drug Enforcement Administration ("DEA"), United States Department of Justice, and have been so employed since March 2019. I have been a police officer with the Kalamazoo Department of Public Safety for over 16.5 years, the last 8 of which I have been assigned as an investigator with KVET, which is tasked with investigating narcotics trafficking. I am currently assigned to the Grand Rapids District Office in the DEA's Detroit Field Division.

1

4. During my time as a KVET Investigator, I have participated in investigations of unlawful drug trafficking and, among other things, have conducted or participated in surveillance, the execution of search warrants, debriefings of informants, and reviews of taped conversations and drug records. I have also participated in investigations that included the interception of wire and electronic communications. Through my training, education, and experience, I have become familiar with the manner in which illegal drugs are transported, stored, and distributed, the methods of payment for such drugs, the laundering of narcotics proceeds, and the dialect, lingo, and coded language used by narcotics traffickers.

5. In connection with my duties, I investigate criminal violations of the Federal and State controlled substance laws including, but not limited to, conspiracy and attempt to possess with intent to distribute and to distribute controlled substances, in violation of 21 U.S.C. § 846; possession with intent to distribute and distribution of controlled substances, in violation of 21 U.S.C. § 841(a)(1); use of communication facilities to facilitate drug trafficking offenses, in violation of 21 U.S.C. § 843(b); conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); and money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i), 18 U.S.C. § 1956(a)(1)(B)(i), and 18 U.S.C.§ 1957.

6. The information set forth in this continuation is based upon my personal knowledge and participation in the investigation described below, as well as information provided to me by other law enforcement officers. I have not set forth all of the information known to me or known to other law enforcement officers concerning this matter. This continuation is intended to show only that there is

sufficient probable cause for the requested seizure warrant.

7. On October 2, 2024, a federal grand jury in the Western District of Michigan returned an indictment charging KEITH LATROI SMITH with the following crimes: Count 1: on or about August 3, 2022, distribution of methamphetamine; Count 2: on or about September 19, 2022 (date of seizure), possession with intent to distribute methamphetamine; and Count 3: on or about September 19, 2022 (date of seizure), possession with intent to distribute cocaine and fentanyl; all in violation of 21 U.S.C. § 841(a)(1). *See* Case No. 1:24-cr-149-HYJ.

8. **SUBJECT FIREARM 1, SUBJECT FIREARM 2,** and **SUBJECT AMMO** are subject to criminal forfeiture to the United States pursuant to 21 U.S.C. § 853(a)(2) as any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offenses charged in Counts 2-3. The **SUBJECT CURRENCY** is subject to criminal forfeiture to the United States pursuant to 21 U.S.C. § 853(a)(1) as any property, constituting or derived from, any proceeds obtained, directly or indirectly, or any property used, or intended to be used, in any manner or part, to commit, or to facilitate, the commission of the offenses charged in Counts 1-3.

### APPLICABLE FORFEITURE STATUTES

9. I am advised that 21 U.S.C. § 853(a)(1) provides for the criminal forfeiture of any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of a violation of 21 U.S.C. § 841(a)(1). I am further advised that 21 U.S.C. § 853(a)(2) provides for the criminal forfeiture of any property that is used or intended to be used, in any manner or part, to commit,

3

or facilitate the commission of a violation of 21 U.S.C. § 841(a)(1).

10. I am further advised that the government may request the issuance of a warrant authorizing the seizure of property subject to criminal forfeiture in the same manner as provided for a search warrant under 21 U.S.C. § 853(f). If the court determines that there is probable cause to believe that the property to be seized would, in the event of conviction, be subject to forfeiture and that a restraining order under 21 U.S.C. § 853(e) may not be sufficient to assure the availability of the property for forfeiture, the court shall issue a warrant authorizing the seizure of such property.

11. For the reasons described herein, there is probable cause to believe that the **SUBJECT PROPERTY** is subject to criminal forfeiture upon SMITH's conviction for the offenses charged in the indictment, and that a restraining order is insufficient to assure the availability of the property for forfeiture.

## FACTS SUPPORTING PROBABLE CAUSE

12. In the Spring of 2022, investigators with the Kalamazoo Valley Enforcement Team (KVET), Kalamazoo Department of Public Safety (KDPS) Crime Reduction Team (CRT), and DEA Kalamazoo Post of Duty (KPOD) began investigating Bryce SALTER and his involvement in the distribution of methamphetamine in southwest Michigan.

13. As part of the investigation into SALTER, on August 3, 2022, a KVET undercover officer ("UC") ordered one pound of methamphetamine from SALTER for $3,000. During SALTER's contact with the KVET UC, SALTER asked the KVET UC "Should I line my guy up."

a. At 7:26pm, SALTER called the UC said that he didn't have "it" and he would take the UC to get it.

b. At 7:42pm, SALTER arrived at the predetermined location, entered the UC's vehicle and drove to the 400-block of Elm Street in the City of Kalamazoo.

c. At 7:48pm, SALTER, in the presence of the UC, made a phone call to a subject and stated, "I'm pulling up, I see your car."

d. At 7:50pm, SALTER exited the UC vehicle and entered a white Ford Flex, MI registration EKU8700, waiting in the roadway. After less than one minute, SALTER exited this vehicle, got back into the UC vehicle, and completed the transaction.

e. The KVET UC then drove SALTER home. During the drive, SALTER made a statement that this was the last time he going to have to "middle shit." "Middling" is a common street term used when one drug distributer needs to acquire drugs from another distributer to sell to a customer.

f. KVET investigators followed the white Ford Flex to 627 West North Street, where they observed a male subject, later identified as Keith Latroi SMITH, exit the vehicle and enter an apartment door on the west side of the residence, later determined to be apartment 3.

g. SMITH's Michigan Secretary of State information also showed an address of 627 W North St, Apartment,3, Kalamazoo, MI.

h. The methamphetamine purchased on this date by the KVET weighed

5

approximate 462 gross grams (with packaging) and field tested positive for the presence of methamphetamine.

14. On August 9, 2022, I obtained phone tolls through a Department of Justice administrative subpoenas for SALTER's phone numbers. I reviewed the data and found SALTER to have made a phone call on August 3, 2022, at 7:48pm from his 269-633-1308 phone number to 269-910-3393, which coincided with the observations during the controlled buy as discussed in the above paragraphs.

15. Investigators then obtained phone tolls and subscriber information for 269-910-3393 and found the number to be subscribed to Keith Latroi SMITH at 1334 North Church Street, Kalamazoo, MI.

16. On September 19, 2022, at approximately 7:17am, KDPS patrol officers were dispatched to 627 W North St in reference to a report of a suspicious occurrence. Kalamazoo County Central Dispatch Authority received a 911 call in which a female caller told dispatchers that a "male made a statement that the female was not breathing." Upon arrival of officers, they eventually located a female in apartment #3, not breathing, and began CPR. Lifesaving efforts were unsuccessful, and the female was pronounced deceased at 8:00am. There were no signs of foul play and the death was determined to be suspicious and a possible overdose.

17. Pursuant to the death investigation, the scene was secured by KDPS officers awaiting the arrival of KDPS detectives. Keith SMITH was present at the apartment and identified himself as the tenant of 627 W North St, Apt 3. SMITH also provided officers with phone number 269-910-3393 (same number contacted by SALTER during the 8/3/2022 controlled buy).

18. KVET investigators reviewed pole camera video, monitoring the door to 627 W North St, Apt 3. They observed SMITH exit the residence toward the rear parking lot, a short time later the white Ford Flex left the driveway towards W North St, and SMITH returning to 627 W North St, Apt 3. This all occurred in the time between dispatch receiving the 911 call and officers arriving on scene. The white Ford Flex was then found parked in the roadway on W North St, approximately 3-4 houses to the east.

19. KDPS Detectives obtained a State of Michigan search warrant for 627 W North St, Apt 3 and three vehicles associated with the deceased, SMITH and/or premises. One of those vehicles was the white Ford Flex.

20. During a search of the apartment, investigators located:

- approximately 3,722 grams of crystal methamphetamine concealed under the mattress (north bedroom).
- Digital scales and sandwich bags (north bedroom).
- $3,188 US Currency[1] (north bedroom).
- .40cal, .380cal and .223 ammunition (north bedroom) (collectively combined to create **SUBJECT AMMO**).
- 2 fentanyl pills and 2.41 grams of cocaine HCL (north bedroom).
- Pistol grip (kitchen).
- Residency documents for SMITH throughout the apartment.

---

[1] Forfeiture of this asset was completed administratively by DEA prior to the October 2, 2024 indictment, and thus this asset was not included in the forfeiture allegation of the indictment.

- SMITH's wallet which contained the **SUBJECT CURRENCY**, along with his identification.

21. During a search of the white Ford Flex, investigators located:

    - Loaded Springfield XD-40 .40cal pistol with serial number US377274 (**SUBJECT FIREARM 1)**.
    - Upper receiver and partial lower receiver of a .223cal AR-style pistol with an obliterated serial number (**SUBJECT FIREARM 2**).
    - Marijuana.
    - 7.9 grams of methamphetamine.
    - 42 fentanyl pills and 24 grams of cocaine HCL.

22. Based on the evidence recovered during the search warrant, a federal grand jury returned an indictment charging SMITH with various federal crimes, described above. *See* Case No. 1:24-cr-149-HYJ. The indictment contained forfeiture allegations that put SMITH and the court on notice that, in the event SMITH is convicted of any of the offenses, the government will seek forfeiture of the **SUBJECT PROPERTY**.

23. The **SUBJECT PROPERTY** was lawfully seized by KDPS in September 2022. To properly take custody of and process the property through judicial forfeiture in the federal criminal case, the DEA requires a federal seizure warrant.

## CONCLUSION

24.     Pursuant to 21 U.S.C. §§ 853(a), 853(f) and 28 U.S.C. § 2461(c), and based upon the above facts, I request the issuance of a warrant authorizing the seizure of **SUBJECT FIREARM 1**, **SUBJECT FIREARM 2**, and **SUBJECT AMMO** which is all subject to criminal forfeiture pursuant to 21 U.S.C. § 853(a)(2), and the seizure of the **SUBJECT CURRENCY**, which is subject to criminal forfeiture pursuant to 21 U.S.C. § 853(a)(1).